IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE JAMAL ROBINSON,

    Plaintiff,                    No. 2:11-cv-2555 GGH P

    vs.

MATTHEW CATES, et al.,

    Defendants.

                           /          ORDER

        Plaintiff is a state prisoner currently housed at the California Substance Abuse Treatment Facility at Corcoran ("Corcoran") who proceeds pro se on his complaint for relief under 42 U.S.C. § 1983. At the time of filing, plaintiff was housed at High Desert State Prison ("HDSP"), and alleged, among other things, that he is a Muslim, that he was being denied an adequate Halal diet, and that he was prohibited from participating in Ramadan services. See Doc. No. 1. He sought injunctive relief, including an order directing the California Department of Corrections and Rehabilitation ("CDCR") to provide him with "full Halal meals." Id.

        Plaintiff has filed a motion seeking an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order, raising many of the same allegations included in his original complaint, and asking the court to order that CDCR: (1) serve plaintiff Kosher meals until he is provided with Halal meals; (2) serve plaintiff Kosher or Halal meat at breakfast; (3)

prevent cross-contamination of Kosher/Halal foods and utensils with non-Kosher/Halal foods; and (4) serve Kosher/Halal meals covered to protect them from cross-contamination. See Doc. No. 19 at 1-2. These requests are very similar to the relief plaintiff seeks on his food claims in the underlying complaint, and, notably, do not include any request related to attending Ramadan services.

Defendants had previously moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), essentially arguing that plaintiff's claims are either speculative or do not allege any personal participation by a defendant in a constitutional violation. See Doc. No. 18. The court notes that defendants did not seek dismissal on the grounds that plaintiff's requests for relief may have been mooted by his transfer to Corcoran. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (transfer to another prison mooted claims for injunctive relief), citing Preiser v. Newkirk, 422 U.S. 395, 402-03, 95 S.Ct. 2330, 2334-35, 45 L.Ed.2d 272 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).

The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. Preiser, 422 U.S. at 401, 95 S.Ct. at 2334, quoting Steffel v. Thompson, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 (1974). Accordingly, the court will order that, within 21 days of the filing date of this order, plaintiff show cause why the complaint should not be dismissed as moot. Defendants may file an optional response within 7 days after service of plaintiff's response. If plaintiff fails to respond to this order, the court shall recommend that the action be dismissed with prejudice. The court will address plaintiff's pending motion upon disposition of this order to show cause.

Accordingly, IT IS ORDERED that:

1. Within 21 days of the filing date of this order, plaintiff show cause why the complaint should not be dismissed as moot.

\\\\\

2. Defendants may file an optional response within 7 days after service of plaintiff's response.

DATED: August 8, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
robi2555.osc

3