IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE JAMAL ROBINSON,

    Plaintiff,                    No. 2:11-cv-2555 GGH P

    vs.

MATTHEW CATES, et al.,

    Defendants.               ORDER

_____/

        On March 20, 2012, defendants filed a motion to dismiss this complaint. See Doc. No. 18. On July 27, 2012, plaintiff, who had not responded to the motion to dismiss, filed a "Motion for an Order to Show Cause," seeking injunctive relief. See Doc. No. 19. On August 8, 2012, the court issued an order to show cause, noting that plaintiff had been moved from his former institution and directing plaintiff to show cause within 21 days why the complaint should not be dismissed as moot. See Doc. No. 20. The court's order to show cause advised plaintiff that, if he failed to respond, the court would recommend dismissing his complaint. Id. Plaintiff never responded to the court's order to show cause, instead moving for default judgment after alleging that defendants had failed to respond. See Doc. No. 21. On September 27, 2012, the court accordingly issued findings and recommendations that the complaint be dismissed without prejudice.

1         Plaintiff has now filed a "Motion Requesting Acceptance of Untimely Response to an O.S.C.," alleging that he misunderstood his need to respond to the court's order to show cause until after he received the findings and recommendations.  See Doc. No. 24.  He also advises that he was "unaware of [defendant] Mr. Cates O.S.C. because he did not and still has not received a copy of said O.S.C...." Id. at 2.  He asks that the court accept his "untimely response to Mr. Cates O.S.C." and "[i]ssue a copy of Mr. Cates O.S.C." to him.  Id.

        Filed on the same day as plaintiff's motion is plaintiff's opposition to defendants' motion to dismiss.  See Doc. No. 25.

        Defendants have filed a reply to plaintiff's response, arguing that the court's findings and recommendations be adopted in full because the case is moot.  See Doc. No. 26.  Defendants note that plaintiff has been transferred from High Desert State Prison, and has not contended that he will be returned there.  Id.

        The court is not aware of any order to show cause issued by, or at the request of, defendants.  The court therefore construes plaintiff's motion to be one asking the court for an extension of time to respond to defendants' March 20, 2012 motion to dismiss.

        Plaintiff's motion is additionally construed to be a request for an extension of time to respond to the court's order to show cause, filed August 8, 2012, which plaintiff acknowledges he has received.  See Doc. No. 24 at 1.  The court will grant plaintiff 21 days from the filing date of this order to respond to the August 8, 2012 order to show cause.  Defendants may file an optional reply within 7 days after service of plaintiff's response.

        The court clarifies for plaintiff that, in the order to show cause, the court is directing *plaintiff* to show cause why the case should not be dismissed as moot.  Defendants may file a response *after* plaintiff has responded.

        Good cause appearing, IT IS HEREBY ORDERED that:

1. The findings and recommendations entered September 27, 2012 (Doc. No. 22) are vacated;

2. Plaintiff's October 9, 2012 motion for acceptance of his untimely response (Doc. No. 24) is granted in part; the opposition, filed October 9, 2012 (Doc. No. 25) is construed as an opposition to defendants' March 20, 2012 motion to dismiss; and

3. Plaintiff is granted an additional 21 days from the filing date of this order to respond to the court's August 8, 2012 order to show cause; defendants may file an optional response within 7 days after service of plaintiff's response; and

4. Plaintiff's failure to respond to the order to show cause shall result in a recommendation that this action be dismissed with prejudice.

DATED: October 16, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
robi2555.36