IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE JAMAL ROBINSON,

     Plaintiff,                 No. 2:11-cv-2555 MCE AC P

  vs.

MATTHEW CATES, et al.

     Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a prisoner proceeding pro se in this civil action brought pursuant to 42 U.S.C. § 1983. Before the court are four pending applications: (1) defendants' motion to dismiss for failure to state a claim (Doc. No. 18); (2) plaintiff's motion for an order to show cause (Doc. No. 19); (3) plaintiff's motion for default judgment (Doc. No. 21); and (4) the court's own order to show cause why this action should not be dismissed as moot (Doc. No. 20). For the reasons outlined below, the undersigned recommends that this action be dismissed against defendant McDonald as moot, and against defendants Cate and Giurbino with leave to amend.

        Background

        *The Complaint*

        Plaintiff filed this action on September 21, 2011. At the time of filing, plaintiff was housed at High Desert State Prison ("HDSP"), and alleged, among other things, that he is a

Muslim, that he was being denied an adequate Halal diet, and that he was prohibited from participating in Ramadan services. See Doc. No. 1. Specifically, plaintiff alleged that he first requested to be placed on Halal or Kosher diet in October 2008. See Doc. No. 1-1 at 1. On or about January 16, 2009, after his request was denied, and his appeal of the denial was pending, the California Department of Corrections and Rehabilitation ("CDCR") proposed a policy change allowing a religious meat alternative at dinner only. Id. Plaintiff also alleges that defendant Giurbino authored a memo to Correctional Food Managers authorizing them to substitute "unlawful meat" with a vegetarian option. Id. Plaintiff does not advise when the Giurbino memo was written.

In November 2009, after completing his administrative remedies, plaintiff petitioned the Lassen County Superior Court. See Doc. No. 1-1 at 1. Plaintiff does not provide the court with a copy of the petition, or of the Lassen County Superior Court's decision; however, based on the allegations in plaintiff's complaint, plaintiff appears to have asked that court to direct that he be provided with meals in accord with his religious beliefs. According to plaintiff, the state argued to the Lassen County Superior Court that plaintiff's petition would soon be moot, because plaintiff would soon be able to obtain halal meals. See id. Plaintiff argues, however, that the state misled the state court, because the state's attorney failed to advise the Superior Court of the Guirbino memo. Id. Plaintiff's petition was denied in June 2010, and plaintiff alleged that, "to date, [he] still has problems receiving a halal diet." See id.

In his complaint, plaintiff sought injunctive relief only, including an order directing the CDCR to provide him with "full Halal meals." Id.

In or around October, 2011, while this complaint was pending, plaintiff was transferred to the California Substance Abuse Treatment Facility and State Prison at Corcoran. See Doc. Nos. 6, 7.

*Defendants' Motion to Dismiss*

On March 20, 2012, defendants Giurbino, Cate, and McDonald moved to dismiss

2

the complaint under Federal Rule of Civil Procedure 12(b)(6).  Specifically, defendants argued: (1) plaintiff failed to allege any personal participation by defendant Cate; (2) plaintiff failed to allege a constitutional violation by defendant Giurbino; and (3) the allegations raised against defendant McDonald are vague and speculative, and accordingly insufficient to state a colorable claim.  See Doc. No. 18.

Plaintiff filed an untimely opposition to the motion to dismiss on October 9, 2012. See Doc. No. 25.  Plaintiff argued that: (1) his equal protection rights had been violated, because Jewish inmates receive a "complete Kosher meal" at breakfast, lunch, and dinner, while plaintiff receives only a Kosher entree at dinner; and (2) CDCR's Halal diet program is inadequate because (a) plaintiff only receives a Kosher entree at dinner served with unlawful foods and trays; (b) food managers substitute meat with non-kosher foods, such as Prison Industry Authority food or foods not purchased from a certified Kosher/Halal vendor with a current halal certification; and (c) plaintiff is not a vegetarian but the non-Kosher/Halal "vegetable option" is forced on him, violating his free exercise rights.  See Doc. No. 25.

### Plaintiff's Motion for an Order to Show Cause

On July 27, 2012, after his transfer to Corcoran, plaintiff filed a motion seeking an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order, raising many of the same allegations included in his original complaint, and asking the court to order that CDCR: (1) serve plaintiff Kosher meals until he is provided with Halal meals; (2) serve plaintiff Kosher or Halal meat at breakfast; (3) prevent cross-contamination of Kosher/Halal foods and utensils with non-Kosher/Halal foods; and (4) serve Kosher/Halal meals covered to protect them from cross-contamination.  See Doc. No. 19 at 1-2.

Among the allegations raised by the plaintiff in his motion were that CDCR does not have a Halal diet option, and that CDCR official policy ignores plaintiff's religious dietary prescriptions, because it provides "full Kosher/Halal meals" to Jewish inmates, while only offering plaintiff a "Kosher/Halal meat entree at dinner served with Haram (unlawful) foods."

See Doc. No. 19 at 3.[1]

Plaintiff argues that CDCR "uses a combination of the Religious Meat Alternative Diet and the Vegetarian diet to circumvent" giving plaintiff a Kosher/Halal diet. Id. at 3. According to plaintiff, the Religious Meat Alternative Diet and the Vegetarian Diet are : (1) not certified Kosher/Halal; (2) are from general procured companies; and/or (3) are from prison industry authority. Id. at 4.  Plaintiff does not explain how foods from general procured companies, or from PIA, makes the foods unacceptable.  For example, at Exhibit C to the plaintiff's motion is a list of foods available for purchase from prison vendors, at least thirty of which are Halal certified; nine of which are Kosher; and eighteen of which are both.  Plaintiff does not explain why these foods are not acceptable.[2]

The gist of plaintiff's allegations appears to be: (1) that the CDCR's Halal offerings are somehow insufficient; and (2) that Kosher inmates receive more meat than Muslim inmates, who are forced to eat largely vegetarian options.  However, absent from plaintiff's motion is any specific information about how he was fed at Corcoran.  This would have been especially helpful to the court, as it would have provided some information about how the prison was implementing the CDCR policy change described by plaintiff to have occurred in 2010. While plaintiff describes his attempts to obtain Halal meals at HDSP, he fails to allege any

---

[1] Absent from plaintiff's arguments in his motion for an order to show cause is any information about whether his ability to attend services continued to be restricted, as he had alleged in his complaint.

[2] In his motion for an order to show cause, plaintiff alleges that "C.D.C.R. does not address the Haram (unlawful) food items that make their foods haram (unlawful) such as, additives, preservatives, dyes, pesticides, shelach, steroids, lanelin and vitamin A palmintate just to name a few that make C.D.C.R. foods impure and thus Haram (unlawful) for [plaintiff] to consume." See Doc. No. 19 at 4.  Again, while plaintiff generally alleges that CDCR foods are not acceptable, he fails to state what foods, if any, he is being served that contain these additives. Additionally, since he appears to allege that all CDCR foods are impure in this way, he fails to explain how receiving a Kosher diet from the CDCR would solve his problem.

4

specific facts about the meals he was provided since his transfer.[3]

*The Court's Order to Show Cause*

On August 8, 2012, the court issued an order noting plaintiff's transfer to Corcoran and directing plaintiff to show cause why the complaint should not be dismissed as moot. See Doc. No. 20. The court noted that, under circuit precedent, a case and controversy must exist throughout the litigation, not just at the time the complaint is filed, and that a prisoner's transfer from one prison to another may moot a prisoner's requests for injunctive relief. See id.

In response, plaintiff appears to allege: (1) that the denial of Halal meals to plaintiff is an issue capable of repetition yet evading review; and (2) that defendant Cate is liable *in respondeat superior*. See Doc. No. 28. He advises the court that he is due to be transferred to California Correctional Facility in Tehachapi or Pleasant Valley State Prison, and that defendant Cate is responsible for any institution to which plaintiff might be transferred. Id. Notably, the response includes no information about whether plaintiff is currently receiving a Halal diet, or if he has been prevented from attending services.

Defendants have replied to plaintiff's response. See Doc. No. 29. Defendants argue that (1) plaintiff has shown no likelihood of returning to HDSP, and his complaint is therefore moot; (2) plaintiff's allegations are not capable of repetition, yet evading review, because plaintiff has not established that his allegations are of such a limited duration that he will not be able to litigate them should they recur at a new institution; and (3) plaintiff has failed to state a cognizable claim against defendant Cate, as he has not identified any personal involvement by Cate and because Cate is not liable *in respondeat superior* in this section 1983 action. Id.

---

[3] In a pleading filed October 9, 2012, plaintiff generally alleges that "[s]ubsequent to [plaintiff's] transfer to Corcoran Substance Abuse Treatment Facility, his rights were still being unlawfully violated....." See Doc. No. 24. Plaintiff provided no additional detail of what rights were involved, or how his rights were being violated.

Applicable Law

*Mootness*

The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. Preiser v. Newkirk, 422 U.S. 395, 401 (1975), quoting Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1974).

An inmate's transfer to another prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995), citing Preiser, 422 U.S. at 402-03; Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). An exception to this mootness doctrine exists for cases "capable of repetition, yet evading review," which applies when (1) the challenged action is too short in duration to be fully litigated prior to its expiration, and (2) there is a reasonable expectation that the injury will occur again  See Dilley, 64 F.3d at 1368; see also Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir. 1985) (finding exception did not apply since '"[t]his case neither challenges a court order which expires in a few days nor raises questions which are mooted by the termination of a nonjudicial activity that is of short duration.")

*Dismissal for Failure to State a Claim*

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F.Supp.2d 1104, 1109 (E.D.Cal.2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain" statement of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, _ U.S. _, 130 S.Ct. 1053 (2010). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) quoting Iqbal, 556 U.S. at 678. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizin Cmty. Learing Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) quoting Iqbal, 556 U.S. at 678. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF, Inc., 559 F.3d at 1071 (citations and quotation marks omitted).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted); see also Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 980 n. 18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, [the] court may consider facts that are

7

contained in material of which the court may take judicial notice.") (citation and quotation marks omitted).

*Preliminary Injunctive Relief*

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.</u>, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Am. Trucking Ass'n, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir.2009) (*quoting* <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008)).  A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the <u>Winter</u> test are also met." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter</u>, 555 U.S. at 22.

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> <u>Martin</u> explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

<u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (*quoting* <u>Martin v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984).

Speculative injury does not constitute irreparable harm. <u>See</u> <u>Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988); <u>Goldie's Bookstore, Inc. v. Superior Court</u>, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown,

although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020, 118 S.Ct. 1299 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

Analysis

*The Claims against Defendant McDonald are Moot.*

As noted above, plaintiff has been transferred from HDSP, the institution where he was housed at the time he filed his complaint. There is nothing in the record to suggest that plaintiff may return to HDSP. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). The claims against McDonald, the warden at HDSP, are accordingly moot, and should be dismissed.

Plaintiff's conclusory allegation that his claims are "capable of repetition, yet evading review" is insufficient to bring his claims within this mootness exception. Courts throughout the country have adjudicated claims made by Muslim prisoners regarding their food. See, e.g., Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008). There is currently nothing in the record to suggest that plaintiff's claims are of such a short duration that ordinary litigation is inadequate. And again, there is no indication in the record that plaintiff will be returning to HDSP, the only facility at which, according to the record, plaintiff has been served an inadequate diet.

The claims against defendants Cate and Guirbino may not be mooted by plaintiff's transfer. Construing plaintiff's pleadings as broadly as possible, he could be alleging that a CDCR policy prevents him from receiving a "full Halal meal." As defendant Cate is the Secretary of the CDCR, and defendant Guirbino was the Director of CDCR's Division of Adult Institutions, plaintiff, who seeks injunctive relief only, may be articulating a claim against these defendants in their official capacity. The court will accordingly consider defendants' motion to dismiss the claims against defendants Cate and Guirbino.

////

### *The Complaint Should Be Dismissed for Failure to State a Claim.*

As detailed above, plaintiff's allegations in both his complaint and his motion for an order to show cause are vague. Construing plaintiff's claims broadly – for example, that a CDCR policy violates the First and Fourteenth Amendments by offering Muslim prisoners an inadequate diet, while ensuring that Jewish prisoners have a full Kosher diet – plaintiff has still failed to articulate a colorable claim. In order to do so, plaintiff would have to provide "well-pleaded factual allegations" either (1) that he is currently not receiving an adequate Halal diet; or (2) that a CDCR policy is likely to cause him injury in the future. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983), citing O'Shea v. Littleton, 414 U.S. 488, 495-96 ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.")

This plaintiff has not done. Instead, his pleadings include general allegations about an unidentified CDCR policy governing the provision of Halal meals, articulated in such a way that the court cannot determine if plaintiff is currently suffering from a constitutional violation or if he is instead recounting acts which occurred before his transfer to Corcoran. Plaintiff's conclusory allegation that he has generally had "problems" getting a Halal meal since 2010 is insufficient to state a colorable claim where plaintiff fails to identify what those problems are, how these problems are a result of CDCR policy, and who, specifically, is violating his rights.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff

1 must allege with at least some degree of particularity overt acts which defendants engaged in that
2 support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of
3 Fed. R. Civ. P. 8(a)(2), the undersigned recommends that the complaint be dismissed against
4 defendants Cate and Giubino with leave to file an amended complaint.

*Plaintiff's Request for Temporary Injunctive Relief Should be Denied.*

6 As noted above, there is nothing in the current record that suggests the existence
7 of a present, actual threat to plaintiff's First and Fourteenth Amendment rights. Additionally, in
8 light of this court's determination that the complaint either is moot, or fails to state a cognizable
9 claim, plaintiff has not established that he is likely to succeed on the merits. Accordingly, the
10 undersigned recommends that the request for a TRO and/or preliminary injunction be denied.

*Plaintiff's Motion for Default Judgement is without Merit.*

12 Plaintiff moved for entry of default judgment against defendants after he alleged
13 they failed to respond to the court's August 8, 2012 order to show cause. Plaintiff further
14 alleged that defendants had failed to respond to the complaint. These claims are without merit.

15 A review of the docket reflects that defendants responded to the complaint on
16 March 20, 2012, when they filed their motion to dismiss. A review of the court's August 8, 2012
17 order to show cause reflects that it was plaintiff who was directed to respond to the court's order
18 to show cause, after which the defendants had the option to respond. Because defendants have
19 neither failed to answer the complaint, nor failed to respond to a court order, the undersigned
20 recommends that plaintiff's motion for entry of default (Doc. No. 21) be denied.

21 Good cause appearing, IT IS HEREBY RECOMMENDED that:
22 1. The order to show cause, filed August 8, 2012, (Doc. No. 20) be discharged;
23 2. The complaint be dismissed as moot against defendant McDonald;
24 3. Plaintiff's motion for an order to show cause (Doc. No. 19) be denied;
25 4. Plaintiff's motion for default judgment (Doc. No. 21) be denied; and
26 5. Defendant's motion to dismiss (Doc. No. 18) be granted, and the complaint be

dismissed with leave to amend against defendants Cate and Giurbino.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2012.

/s/
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

ggh:rb
robi2555.fr