UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMAL ROBINSON, | No. 2:11-cv-02555 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a Muslim prisoner at California Substance Abuse Treatment Facility, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The first amended complaint alleges that plaintiff's rights under the Fourteenth Amendment's equal protection clause and the First Amendment's free exercise and establishment clauses were violated based on the prison's failure to provide him with a Halal diet for all three meals. Before the court is defendants' fully-briefed motion to dismiss. See ECF No. 40 (motion); ECF No. 42 (opposition); ECF No. 43 (reply). For the reasons given below, the undersigned recommends that defendants' motion to dismiss be granted in part and denied in part.

I.  Allegations of the First Amended Complaint

Due to the California Department of Corrections and Rehabilitation's lack of a Halal diet option in 2008, plaintiff requested that he be provided a Kosher diet while housed at High Desert State Prison. Plaintiff was subsequently provided a Halal diet card, but was given a Religious

1

1  Meat Alternative ("RMA") meal that only included a Halal meat entrée with dinner. The
2  remaining breakfast and lunch meal was a vegetarian option. After plaintiff's transfer to the
3  Substance Abuse Treatment Facility in or around October 2011, plaintiff "requested a Kosher diet
4  twice and a R.M.A. [diet] once via C.D.C. 3030 and all request[s] went unanswered." ECF No.
5  36 at 2. Plaintiff asserts that "Muslims are not religiously vegetarian, it is a personal health
6  choice made by individual Muslims furthermore, the Holy Qur'an does not mention or encourage
7  Muslims to be vegetarians." ECF No. 36 at 3.

8  Plaintiff contends that: (1) CDCR's Halal diet program is inadequate to meet his religious
9  needs because (a) plaintiff only receives a Halal meat entree at dinner which is served with other
10 unlawful foods or utensils that have been cross-contaminated; and, (b) plaintiff is not a vegetarian
11 but the non-Kosher/Halal "vegetable option" is forced on him, violating his first amendment
12 rights; and (2) his equal protection rights have been violated, because Jewish inmates receive a
13 "complete Kosher meal" at breakfast, lunch, and dinner, while plaintiff who is a practicing
14 Muslim only receives a Kosher entree at dinner. ECF No. 36 at 1-6. By way of relief, plaintiff
15 seeks injunctive relief as well as punitive and monetary damages. ECF No. 36 at 6-7.

16 Named as defendants in the first amended complaint are Matthew Cates [sic], the
17 Secretary of the CDCR, and George Giurbino, the Director of CDCR's Division of Adult
18 Institutions. In the body of his complaint, plaintiff states that he "explained through the
19 administration up to Mr. Cates the inadequacy of the R.M.A. diet… and was still denied his
20 religious dietary practice." ECF No. 36 at 3. Plaintiff further argues that defendant Giurbino is
21 civilly liable based on a "memorandum to Associate Directors-Division of Adult Institutions,
22 Wardens, [and] Correctional Food Managers that contains provisions on how the Halal meat is to
23 be cooked, stored and purchased. Id.

24 II.   Motion to Dismiss

25 Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants argue that
26 the first amended complaint should be dismissed because it fails to state a cause of action against
27 either defendant Cate or defendant Giurbino since it was not alleged that either one of them had
28 any personal participation in denying plaintiff a religious diet. Plaintiff only mentioned defendant

2

1  Cate in his capacity as the CDCR administrator, and respondeat superior liability does not apply
2  in a § 1983 context.  Defendant Giurbino's only alleged involvement was to author a
3  memorandum concerning the preparation and handling of Halal meats.  ECF No. 40 at 4-5.
4  V.      Opposition to Motion to Dismiss
5      In his opposition, plaintiff asserts that defendant Cate should be held liable because the
6  plaintiff informed him of the inadequacy of the R.M.A. diet during his CDCR 602 appeal process.
7  ECF No. 42 at 3.  Additionally, plaintiff concedes that defendant Giurbino is named on the basis
8  of the memo he authored which "authorized a change in the R.M.A. [diet] that was not an
9  approved regulatory change."  Id.
10 VI.     Fed .R. Civ. P. 12(b)(6) Legal Standards
11     A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.
12 See Fed. R. Civ. P. 12(b)(6); see also Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir.
13 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable
14 legal theory, or (2) insufficient facts under a cognizable theory.  See Navarro v. Block, 250 F.3d
15 729, 732 (9th Cir. 2001).
16     In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the Court will only ascertain whether the
17 nonmoving party has sufficiently alleged claims that would entitle him or her to relief.  Jackson v.
18 Carey, 353 F.3d 750, 756 (9th Cir. 2003).  In doing so, the Court assumes the truth of all factual
19 allegations and construes factual allegations in the light most favorable to the nonmoving party.
20 See Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002).  However, the court is not bound
21 to accept as true a legal conclusion couched as a factual allegation.  "When there are well-pleaded
22 factual allegations, a court should assume their veracity and then determine whether they
23 plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662 (2009).  However,
24 the conclusions contained in the pleading "are not entitled to the assumption of truth."  Id.
25 VI.     Analysis
26     Attached to the first amended complaint is a copy of the March 18, 2010 Giurbino
27 Memorandum which forms the putative basis of defendant Giurbino's liability.  ECF No. 36 at
28 21-23.  This memorandum is relied upon in the Director's Level Appeal Decision of plaintiff's

3

1  602 grievance concerning the implementation of the Religious Meat Alternative Program by High
2  Desert State Prison.  ECF No. 36 at 9-10.  While defendants allege otherwise, the memorandum
3  specifically states that the vegetarian meal option is to be served for breakfast and lunch with the
4  Religious Meat Alternate to be offered only at the dinner meal.  See ECF No. 36 at 21-23.  This
5  policy lies at the heart of plaintiff's complaint regarding the Religious Meat Alternative Program,
6  and Giurbino is the policy's author.  For that reason, it is recommended that the motion to dismiss
7  be denied with respect to defendant Giurbino.

8  With respect to defendant Cate, the documents attached to plaintiff's complaint merely
9  establish that he was sent a copy of the regulatory action adding the Religious Meat Alternate
10  Program as a religious diet within California state prisons.  ECF No. 36 at 19.  That is insufficient
11  to establish his personal liability under section 1983.  See Taylor v. List, 880 F.2d 1040, 1045
12  (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of his subordinates if the
13  supervisor participated in or directed the violations, or knew of the violations and failed to act to
14  prevent them. There is no respondeat superior liability under section 1983."  Id. (citing Ybarra v.
15  Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984)).  Plaintiff has not
16  made any showing that defendant Cate directed or participated in the creation or provision of his
17  religious diet.  Since defendant Cate had no personal involvement in the creation of the Religious
18  Meat Alternative Program, but was merely provided a copy of it once it was enacted into state
19  law, it is recommended that the motion to dismiss be granted with respect to defendant Cate.

20  IT IS HEREBY RECOMMENDED that:
21  1.  Defendant's motion to dismiss be denied to the extent that it seeks dismissal of
22  defendant Giurbino.
23  2.  The motion to dismiss be granted to the extent that it seeks dismissal of defendant
24  Cate.
25  These findings and recommendations are submitted to the United States District Judge
26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
27  after being served with these findings and recommendations, any party may file written
28  objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5