UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMAL ROBINSON, | No. 2:11-cv-2555 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action, moved for the appointment of counsel and for certification of this case as a class action.

As plaintiff recognizes in his motion, district courts may not require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, where willing counsel is available, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied, 545 U.S. 1128 (2005).

The district court may appoint such counsel where "exceptional circumstances" exist. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 559 U.S. 906 (2010) (citing Agyeman, 390 F.3d at 1103). In determining whether or not exceptional circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner

1

1 to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer,
2 560 F.3d at 970 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Circumstances
3 common to most prisoners, such as lack of legal education and limited law library access, do not
4 establish exceptional circumstances that would warrant a request for voluntary assistance of
5 counsel.  See, e.g., Guess v. Lopez, 2014 WL 1883875 at *5 (E.D. Cal. 2014) (Claire, M.J.).

6 Plaintiff asserts that he will be unable to articulate his claims because defendants have a
7 history of transferring prisoners who file meritorious lawsuits in order to moot the claims.  He
8 asserts that "there is a probability that the defendant may transfer Plaintiff in [an] attempt to avoid
9 injunctive relief."  ECF No. 55 at 7.  Plaintiff further asserts that because of his indigence and
10 prisoner status, he does not have "full use of the discovery tools that are available to attorneys and
11 non-prisoners," such as depositions.  ECF No. 55 at 7.  He complains that he is thus "relegated to
12 the use of [interrogatories] and request[s] for production of documents . . . which the defendants
13 have failed to adequately respond to."  Id.  Plaintiff further asserts that he will therefore be denied
14 the opportunity to engage in the "rigorous questioning of officials by means of depositions."  ECF
15 No. 55 at 7-8 (quoting Beard v. Banks, 548 U.S. 521, 535 (2006) (Plurality Opinion)).

16 The court does not find exceptional circumstances warranting appointment of counsel in
17 this case, at this time.  As for the asserted transfer and mootness problem, the court has addressed
18 this in a prior order, when it found that plaintiff has alleged a CDCR-wide policy that, as against
19 defendant Giurbino, "may not be mooted by plaintiff's transfer."  ECF No. 31 at 9.  As for
20 discovery, even without the financial and other means to take depositions, plaintiff has the ability
21 to propound interrogatories, request documents, and engage in other forms of discovery, as well
22 as the ability to compel discovery if defendants fail to respond adequately.  The request for
23 appointment of counsel will therefore be denied without prejudice.  If plaintiff's deployment of
24 the discovery tools available to him prove to be inadequate in this case (either to oppose summary
25 judgment or to try the case), he is not precluded from later renewing his motion.

26 As plaintiff recognizes, he cannot represent a class without counsel, and therefore his
27 ////
28 ////

request to certify a class will also be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 14, 2014 motion for the appointment of counsel and for certification of a class (ECF No.55), is DENIED.

DATED: December 22, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE