UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMAL ROBINSON, | No. 2:11-cv-2555 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 30, 2015, the district judge adopted the undersigned's findings and recommendations filed September 10, 2015, thereby granting in part and denying in part defendant's motion for summary judgment. See ECF Nos. 86, 85. This case now proceeds on plaintiff's claims for declaratory and prospective injunctive relief under the Free Exercise Clause of the First Amendment, Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The sole defendant in this action is George J. Giurbino, former Director of the Division of Adult Institutions, California Department of Corrections and Rehabilitation (CDCR), now employed as Chief Deputy Administrator, Division of Adult Institutions. If ultimately successful, plaintiff's claims could result in system-wide changes to the Religious Diet Program operated by the CDCR. Due to the importance of these matters, the court has reconsidered plaintiff's prior requests for appointment

of counsel, see ECF Nos. 55, 65, which were denied without prejudice,  see ECF Nos. 64, 68. The court now finds, in the interests of justice, that appointment of counsel is warranted.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  Only in certain exceptional circumstances should the district court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  The burden of demonstrating exceptional circumstances is on the plaintiff.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In his prior motions for appointment of counsel, plaintiff asserted that resolution of this case, which challenges official CDCR policy, will require the depositions of CDCR officials, particularly defendant Giurbino.  See ECF No. 55 at 7-8.  Plaintiff asserted that he cannot easily conduct such depositions from prison.  Plaintiff relied on the following observation by the Supreme Court in Beard v. Banks, 548 U.S. 521, 535-36 (2006) (internal citations omitted):

> [W]e do not suggest that the deference owed prison authorities makes it impossible for prisoners or others attacking a prison policy like the present one ever to succeed or to survive summary judgment.  After all, the constitutional interest here is an important one. . . .  A prisoner may be able to marshal substantial evidence that, given the importance of the interest, the Policy is not a reasonable one.  And with or without the assistance that public interest law firms or clinics may provide, it is not inconceivable that a plaintiff's counsel, through rigorous questioning of officials by means of depositions, could demonstrate genuine issues of fact for trial.

Plaintiff also noted that at least one Circuit court has found RLUIPA claims to be inherently complex.  ECF No. 65 at 2.  Plaintiff provided the following quote from McEachin v.

2

McGinnes, 357 F.3d 197, 205 (2d Cir. 2004) (internal citations omitted):

> Given that McEachin has pursued his claims pro se and IFP, and given the possibility that his complaint might be amended or construed to state a claim under RLUIPA, a statute that may present complex legal issues, . . . it may be advisable for him to have the assistance of counsel.

Plaintiff also asserted that "independent expert testimony is paramount" concerning the substance of his sincerely held religious beliefs, because different Muslim sects hold different beliefs, and thus an Imam employed by CDCR may seek to impose or sanction his beliefs on the entire Muslim inmate population without regard to prisoners' individually and sincerely held religious beliefs. ECF No. 65 at 2.

Plaintiff also emphasized that he had demonstrated a likelihood of success on the merits of his claims, based on the court's screening order. See ECF No. 65 at 1-2. Surviving summary judgment underscores plaintiff's likelihood of success in this case.

The court finds plaintiff's reasons for requesting appointment of counsel persuasive at this point in the litigation. Plaintiff has demonstrated a reasonable likelihood of success on the merits of his claims. Although he has ably represented himself to date, further discovery may be necessary that cannot easily be undertaken by plaintiff. Thus, for example, as the undersigned emphasized throughout the findings and recommendations, the current record fails to sustain defendant's reliance on the factors outlined in Turner v.Safley (1987) 482 U.S. 78, 89-91, to demonstrate that the challenged religious diet policies are supported by legitimate governmental objectives. Experienced counsel with access to defendant's source materials is required to effectively pursue plaintiff's interests. Experienced counsel would also ensure that pretrial and trial proceedings are appropriately substantive and efficient. For these reasons, the court finds that exceptional circumstances and the interests of justice require appointment of counsel for plaintiff at this time.

Appointed counsel will be requested to interview plaintiff and review the record; ascertain what additional discovery may be warranted; and represent plaintiff's interests through all pretrial and trial proceedings.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel is appointed to represent plaintiff; and

2. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept the appointment described herein.

DATED: October 9, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE