UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMAL ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | No.  2:11-cv-02555 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner incarcerated at the Sierra Conservation Center (SCC), who proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Presently pending is plaintiff's motion for preliminary injunctive relief directing the California Department of Corrections (CDCR) and SCC to provide plaintiff with a fully Halal diet.  For the reasons that follow, this court recommends that plaintiff's motion be denied.

　　　　Plaintiff is a Muslim who seeks, pursuant to this action, a fully Halal diet.  Plaintiff is currently offered the options of a Halal meat entrée at dinner and/or a vegetarian Religious Meat Alternative Diet.  Following this court's decision granting in part and denying in part defendant's motion for summary judgment, this action proceeds on plaintiff's First Amended Complaint filed March 27, 2013, against defendant George J. Giurbino, former Director of CDCR's Division of Adult Institutions.  See ECF Nos. 85-6.  Plaintiff proceeds on his claims for declaratory and prospective injunctive relief under the Free Exercise Clause of the First Amendment, the Equal

Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Id. Following summary judgment, the court found that appointment of counsel is warranted to assist plaintiff with further proceedings in this action, and counsel is currently being sought by the court's Alternative Dispute Resolution Coordinator. See ECF No. 89.

Pursuant to the instant motion, plaintiff seeks a fully Halal diet pending implementation by CDCR of a fully Halal diet program and/or a final judgment in this case that accords plaintiff the same relief. See ECF No. 90. Plaintiff asserts that he "is likely to succeed on the merits of [his] claims and [that he] has been suffering immediate and irreparable harm since October 2008" when he converted to Islam. Id. at 2. Plaintiff contends that if he is required to "continue[] to consume haram food, his prayers will not be accepted and subsequently [he will be] denied paradise." Id. at 4.

"A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010)

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff

demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Although plaintiff has a reasonable opportunity to succeed on the merits of his claims, the harm that plaintiff alleges is neither imminent (plaintiff alleges that the harm has been ongoing since 2008), nor clearly irreparable (plaintiff's continuing efforts to obtain a fully Halal diet reflect some confidence that any prior diet transgressions may be forgiven within his religion).[1] Additionally, the public interest weighs heavily in favor of postponing implementation of a judicially intrusive and costly Halal diet, even if only for plaintiff, until a decision has been reached on the merits of plaintiff's constitutional challenges. Granting plaintiff individual relief would likely result in CDCR being inundated with requests for the same relief by other Muslim inmates. These are legitimate penological reasons for denying plaintiff's requested relief until the court has addressed the merits of his claims. Moreover, preliminary injunctive relief is not necessary to preserve the court's authority to render a meaningful decision this case. The balance of equities tips clearly tip in favor of defendant.

For these several reasons, this court recommends that plaintiff's motion for preliminary injunctive relief, ECF No. 90, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[1] Indeed, plaintiff testified as deposition that he may eat non-Halal food if it is the only food available and he is not being willfully disobedient. See Findings and Recommendations (discussion and citations), ECF No. 85 at 16-7.

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE