UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMAL ROBINSON, | No.  2:11-cv-02555 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner incarcerated at the Sierra Conservation Center (SCC), under the authority of the California Department of Corrections (CDCR).  Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983, in which plaintiff, a Muslim, seeks a fully Halal diet or, alternatively, a fully Jewish Kosher Diet.  The current dietary options available to plaintiff are the Halal meat dinner entrée and/or the vegetarian Religious Meat Alternative Diet (RMAD).  This action proceeds on plaintiff's First Amended Complaint filed March 27, 2013, against defendant George J. Giurbino, former Director of CDCR's Division of Adult Institutions, on plaintiff's claims for declaratory and prospective injunctive relief under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  See ECF Nos. 85-6.

Following this court's decision on defendant's motion for summary judgment, the court

1  found that appointment of counsel is warranted to assist plaintiff with the further proceedings in
2  this action.  See ECF No. 89.  The court's Alternative Dispute Resolution Coordinator is currently
3  seeking an attorney willing to accept this appointment.
4      Plaintiff previously filed a motion for preliminary injunctive relief seeking to obtain a
5  fully Halal diet pending resolution of this case.  See ECF No. 90.  Plaintiff's motion was denied
6  on February 17, 2016.  See ECF Nos. 90-2.
7      Plaintiff now moves for preliminary injunctive relief seeking to obtain a fully Jewish
8  Kosher Diet as a "stopgap" measure, pending final resolution of this case.  See ECF No. 93 at 2.
9  Plaintiff contends that he is likely to succeed on the merits of this action, and addresses the merits
10 of each of his legal theories.  Plaintiff also contends that Kosher food is a religiously acceptable
11 alternative to Halal food but acknowledges, nevertheless, that "there is a high likelihood he will
12 consume haram meat with a kosher symbol."  Id. at 9; see also id. at 7 ("[e]at[ing] the Jewish
13 Kosher Diet . . . may not meet halal requirements").  Finally, plaintiff contends that "denying
14 [him] kosher meals denies him all means of religious practice."  Id. at 6-7, 9.
15     As previously noted by this court, "[a] preliminary injunction is an 'extraordinary and
16 drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p.
17 129 (2d ed.1995) [] (footnotes omitted); it is never awarded as of right, Yakus v. United States,
18 321 U.S. 414, 440 (1944)."  Munaf v. Geren, 553 U.S. 674, 689-90 (2008).  "The sole purpose of
19 a preliminary injunction is to "preserve the status quo ante litem pending a determination of the
20 action on the merits."  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing
21 L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)); see also 11A
22 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010)
23     In evaluating the merits of a motion for preliminary injunctive relief, the court considers
24 whether the movant has shown that "he is likely to succeed on the merits, that he is likely to
25 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
26 favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense
27 Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)
28 (quoting Winter).  The propriety of a request for injunctive relief hinges on a significant threat of

irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

As this court has previously noted, plaintiff has a reasonable opportunity to succeed on the merits of his claims. See ECF No. 91 at 3. A reasonable opportunity, however, is not the same as a likelihood of success. Moreover, as the court has also previously noted, "the harm that plaintiff alleges is neither imminent (plaintiff alleges that the harm has been ongoing since 2008 [when he converted to Islam]), nor clearly irreparable (plaintiff's continuing efforts to obtain a fully Halal diet reflect some confidence that any prior diet transgressions may be forgiven within his religion)."[1] Id. Additionally, despite his instant arguments to the contrary, plaintiff has previously acknowledged that "diet aside, he practices his religion in several ways, including reading the Quran, Sunnah and Hadith, Pl. Depo. at 14:23-4; regularly attending the religious services Jummah and Talim, id. at 30:22-31:18; and observing the religious holy days Ramadan and Eid A-Fitr, id. at 31:19-21:4." Findings and Recommendations, ECF No. 85 at 32.

CDCR policy currently limits the Jewish Kosher Diet to Jewish inmates, "as determined by a Jewish Chaplain." 15 Cal. Code Regs. tit. 15, § 3054.1(a). Pending a final decision on plaintiff's challenges to this regulation and related regulations, this policy is supported by

---

[1] Plaintiff testified at his deposition that he may eat non-Halal food if it is the only food available and he is not being willfully disobedient. See Findings and Recommendations (discussion and citations), ECF No. 85 at 16-7.

1  legitimate considerations concerning CDCR's budget and management.  Granting plaintiff
2  individual temporary relief could result in CDCR being inundated with requests for the same
3  relief by other Muslim inmates.  Moreover, these legitimate penological considerations outweigh
4  plaintiff's equivocal arguments seeking temporary relief.  Significantly, preliminary injunctive
5  relief is not necessary to preserve the court's authority to render a meaningful decision this case.
6  For these reasons, this court finds that the balance of equities tips clearly in favor of defendant.

7  Accordingly, this court recommends that plaintiff's motion for preliminary injunctive
8  relief, ECF No. 93, be denied.

9  These findings and recommendations are submitted to the United States District Judge
10 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
14 failure to file objections within the specified time may waive the right to appeal the District
15 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: March 11, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4