UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMAL ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | No. 2:11-cv-2555 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

In this prisoner civil rights action, plaintiff challenged the Religious Meat Alternate Program offered to prisoners by the California Department of Corrections and Rehabilitation (CDCR), as implemented by a March 18, 2010 memorandum authored by sole remaining defendant George Giurbino, former Director of CDCR's Division of Adult Institutions. Plaintiff, a Muslim, contended that CDCR should provide Muslim inmates with a fully Halal diet comparable to the fully Kosher diet provided Jewish inmates through the Jewish Kosher Diet Program. Alternatively, plaintiff sought participation in the Jewish Kosher Diet Program. Pursuant to defendant's initial motion for summary judgment, the court determined that this action should proceed on plaintiff's claims for declaratory and prospective injunctive relief under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth

Amendment, and the Religious Land Use and Institutionalized Persons Act. See ECF Nos. 85, 86.

On November 8, 2016, with leave of court, defendant filed a second motion for summary judgment on the ground that recent changes in CDCR regulations permit plaintiff to fully participate in the Jewish Kosher Diet Program. Defendant contends that he is entitled to judgment as a matter of law because plaintiff's religious dietary needs are now met. See ECF No. 99. Defendant timely and properly served plaintiff with his motion for summary judgment together with notice how to oppose the motion pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). Id.

The court also informed plaintiff of the requirements for opposing defendant's motion. See ECF No. 98 at 6. Plaintiff was directed to file and serve his opposition or statement of non-opposition within thirty days after service of defendant's motion. Id. at 5; see also Fed. R. Civ. P. 6(d) (adding three days for service). This extended deadline required that plaintiff sign and mail his response no later than Monday, December 12, 2016. See Fed. R. Civ. P. 6(a)(1)(C) (when the last day of a period ends on a Sunday, as here, the period is extended to the next day).

More than two weeks have passed since expiration of the extended deadline. Local Rule 230(l) provides that "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion." Defendant's counsel requests that plaintiff's failure to respond be construed as a waiver of his opposition and that defendant's motion for summary judgment be submitted on the papers. ECF No. 100. However, also applicable is Federal Rule of Civil Procedure Rule 41(b), which authorizes dismissal of an action if a plaintiff fails to prosecute his case or fails to comply with court rules or orders.

Plaintiff's silence may reasonably be construed as acknowledgment that his remaining claims for injunctive relief have been met. Nevertheless, in the absence of a full record, this court declines to address defendant's unopposed motion on the merits. Judicial imprimatur of CDCR's regulatory changes is not required under these circumstances.

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute, <u>see</u> Fed. R. Civ. P. 41(b); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 29, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE